Filed 12/19/24  P. v. Hernandez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083486 |
| v. | (Super.Ct.No. FSB21414) |
| ANTHONY HERNANDEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Steve Malone, Judge.  Affirmed.

Anthony Hernandez, in pro. per.; and Marilee Marshall, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Anthony Hernandez filed a petition for resentencing pursuant to Penal Code former section 1170.95,**1** which the court denied.  On appeal,

---

**1**  All further statutory references are to the Penal Code unless otherwise indicated.

*[footnote continued on next page]*

1

counsel has filed a brief under the authority of *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), setting forth a statement of facts, a statement of the case, and requesting that we exercise our discretion to independently review the record for error.

This court offered defendant the opportunity to file a personal supplemental brief, which he has done.[2] Defendant contends the court erred in determining he failed to make a prima facie showing. We affirm.

## I. PROCEDURAL BACKGROUND[3]

The People charged defendant by information with the murder of Arthur Flores (Pen. Code, § 187, subd. (1), count 1); accessory after the fact to the murder of Joseph Caldera, which the People alleged defendant's brother committed (Pen. Code, § 32, count 2); and possession of a controlled substance with a firearm (Health & Saf. Code, § 11370.1, subd. (a), count 3). In the same information, the People charged defendant's brother with the murder of Joseph Caldera. (Pen. Code, § 187, subd. (a), count 4.)

The People further alleged defendant committed the murder of Flores for the benefit of, at the direction of, or in association with a criminal street gang (§ 186.22, subd. (b)(1)), and that he personally and intentionally used a firearm resulting in the

Effective June 30, 2022, Assembly Bill No. 200 (2021-2022 Reg. Sess.) amended and renumbered section 1170.95 as section 1172.6. (Stats. 2022, ch. 58, § 10.)

[2] "If the defendant . . . files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

[3] We take judicial notice of this court's opinion from defendant's appeal from the judgment. (*People v. Hernandez et al.* (Dec. 12, 2001, E028908) [nonpub. opn.] (*Hernandez*); Evid. Code, § 459.)

murder of Flores (§§ 12022.53, subds. (b), (c), & (d) & 12022.5, subd. (a)(1)). The People also alleged that defendant had suffered a prior strike conviction. (§§ 1170.12, subd. (c)(1) & 667, subd. (e)(1).)

On November 20, 2000, a jury convicted defendant on all three counts and found true all the personal use of a firearm allegations. The jury also found defendant's brother guilty of the murder of Caldera. The court then found true the allegations that defendant had suffered a prior serious felony (§ 667, subd. (a))[4] and prior strike conviction. The court sentenced defendant to a total term of imprisonment of 83 years four months to life. (*Hernandez*, *supra*, E028908.)

Defendant appealed. This court affirmed the judgment. (*Hernandez*, *supra*, E028908.)

On July 11, 2022, defendant filed a petition for resentencing pursuant to former section 1170.95. On August 23, 2022, the People filed a motion to strike defendant's petition. The People noted that the jury had not been instructed on either felony murder or the natural and probable consequences doctrine, and that the jury had determined that defendant was the actual killer of Flores. The People attached the verdicts and jury instructions from defendant's trial to their motion.

After numerous continuances, on November 28, 2023, defendant's retained counsel filed a motion to transport defendant for a hearing on the petition.

---

[4] The prior serious felony conviction allegation appears to have been added, and the gang enhancement dismissed, at some point after the filing of the information.

On January 4, 2024, defense counsel filed a supplemental section 1172.6 resentencing petition, in which counsel implicitly argued that newly discovered evidence consisting of affidavits of trial witnesses recanting their testimony compelled the granting of defendant's petition. On the same day, defense counsel filed a reply to the People's motion to strike the petition arguing that defendant had made a prima facie case for relief, and that the court should issue an order to show cause and hold an evidentiary hearing.

On January 26, 2024, the People filed a supplemental response to the petition. The People argued the petition should be denied because the jury had determined that defendant was the actual killer pursuant to a theory of murder that remained valid.

At the hearing on the petition on January 31, 2024, the People argued, "the record of conviction clearly shows the defendant was not convicted under the natural and probable consequences theory. He was not convicted under the felony murder theory. He was not convicted under a theory that could impute malice upon him. He was the actual killer." The People noted with respect to the witness affidavits, "That is basically a habeas petition. He can file a habeas petition. He can make those same claims in a habeas petition, but he cannot use a[] [section] 1172.6 [petition] as a backdoor attack for habeas under these circumstances."

The court indicated it had reviewed the record, including the jury instructions and verdict forms. The court determined that defendant "was convicted as a direct perpetrator of a willful, deliberate, and premeditated murder, and is, therefore, as a matter of law ineligible for relief under . . . [s]ection 1172.6." The court denied the petition.

With respect to the issue of the witness affidavits, the court noted, "I agree with the prosecution, the way to go about presenting new evidence in this case is that [defendant] will have to challenge his conviction by way of a petition for writ of habeas corpus . . . ."

## II.  DISCUSSION

Defendant contends the court erred in determining he had failed to make a prima facie showing.  Defendant argues "that the jury could have relied on the natural and probable consequences doctrine."  Defendant maintains the "Jury forms provided by [the] prosecution are incomplete and insufficient to base it[s] denial upon.  The trial court erred in it[s] denial of [the section] 1172.6 petition by not allowing petitioner to introduce New And Additional evidence . . . ."  We disagree.

"The Legislature enacted Senate Bill [No.] 1437 'to more equitably sentence offenders in accordance with their involvement in homicides.'  (Stats. 2018, ch. 1015, § 1(b).)  The Legislature recognized, 'It is a bedrock principle of the law and of equity that a person should be punished for his or her actions according to his or her own level of individual culpability.'  [Citation.]  With this purpose in mind, Senate Bill [No.] 1437 'amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'  [Citation.]" (*People v. Curiel* (2023) 15 Cal.5th 433, 448 (*Curiel*).)

5

"'"'[I]f the record, including the court's own documents, 'contain[s] facts refuting the allegations made in the petition,' then 'the court is justified in making a credibility determination adverse to the petitioner.'"'  [Citation.]  Consequently, '[i]f the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition.' [Citation.]"  (*Curiel*, *supra*, 15 Cal.5th at p. 460.)

"[T]he question is not whether it is likely a defendant could have felt and acted in such a [sufficiently culpable] way, but whether the court's jury instructions foreclose that possibility *as a matter of law*.  Only in the latter scenario would a trial court be permitted to deny a defendant's section 1172.6 petition at the prima facie stage.  [Citation.]  In other words, only in that scenario would the record of conviction 'establish conclusively that the defendant is ineligible for relief.' [Citation.]"  (*Curiel*, *supra*, 15 Cal.5th at p. 470.)

"'"'This is a purely legal conclusion, which we review de novo.'"  [Citation.]" (*People v. Lopez* (2022) 78 Cal.App.5th 1, 14.)  Thus, where the record of conviction reflects that the defendant was the actual killer, defendant is per se ineligible for relief and no evidentiary hearing is required.  (*People v. Harden* (2022) 81 Cal.App.5th 45, 47-48, 52 (*Harden*); *People v. Patton* (2023) 89 Cal.App.5th 649, 657, review granted June 28, 2023, S279670 ["As the sole and actual perpetrator of the attempted murder of" the victim, a defendant "is ineligible for resentencing as a matter of law."].)

Similarly, where the record of conviction reflects that the defendant was not convicted under any theory of imputed malice, no evidentiary hearing is required.

6

(*People v. Soto* (2020) 51 Cal.App.5th 1043, 1055, review dism. Nov. 17, 2021, S263939 ["[T]he jury instructions themselves demonstrate[d] as a matter of law that [the defendant] could not make a prima facie showing that he is entitled to relief."]; *People v. Mancilla* (2021) 67 Cal.App.5th 854, 866-867 [Petition properly denied where jury verdicts necessarily show defendant was convicted under provocative act theory.]; *People v. Daniel* (2020) 57 Cal.App.5th 666, 677, review dism. Dec. 1, 2021, S266336 [Defendant could not make prima facie showing because the jury instructions reflected the defendant was per se ineligible for relief.].)

Here, the jury instructions and verdicts reflect that the court did not instruct on, and the jury therefore did not find defendant guilty of, murder under any theory of imputed malice. The court gave no instructions on felony murder, the natural and probable consequences doctrine, or any other theory in which malice could have been imputed to defendant based on his participation in another crime. The jury instructions do not identify any underlying target offense. Thus, defendant is per se ineligible for resentencing.[5]

---

[5] Defendant's claim that the jury forms provided by the prosecution were incomplete is not supported by the record. The People attached the jury instructions to their motion to strike defendant's petition; they appear to be those that were included in the record on appeal from the judgment. They are sequentially paginated. No instructions appear to be missing. Defendant fails to identify any instructions that he contends are missing.

Defendant also asserts that pursuant to *People v. Del Rio* (2023) 94 Cal.App.5th 47, the People were required to produce the entire record of conviction. *Del Rio* held that the court could not rely on hearsay evidence from the probation officer's report at the section 1172.6 resentencing hearing, which occurred after the evidentiary hearing, after which the court granted the defendant's petition. (*Id*. at pp. 56-59.) *Del Rio* did not hold

*[footnote continued on next page]*

Although the court did give aiding and abetting instructions, the court instructed the jury with CALJIC No. 3.01, the instruction on direct aiding and abetting. "It is well settled that Senate Bill [No.] 1437 'does not eliminate direct aiding and abetting liability for murder because a direct aider and abettor to murder must possess malice aforethought.' " (*People v. Williams* (2022) 86 Cal.App.5th 1244, 1252, fn. omitted.) "A direct aider and abettor's 'guilt is based on a combination of the direct perpetrator's acts and the aider and abettor's *own* acts and *own* mental state.' [Citation.]" (*Ibid*.; see *People v. Medrano* (2021) 68 Cal.App.5th 177, 183 [" 'Senate Bill [No.] 1437 does not eliminate direct aiding and abetting liability for murder because a direct aider and abettor to murder must possess malice aforethought.' [Citation.]"].) Thus, the jury did not convict defendant on any theory of imputed malice. Therefore, the court properly denied the petition.[6]

Moreover, the court instructed the jury that to find defendant guilty of murder, it must find that defendant actually killed Flores. (CALJIC Nos. 8.10, 8.11, 8.13.) Thus, "[w]ithout weighing conflicting evidence or making credibility determinations, the record of conviction irrefutably establishes as a matter of law that the jury determined

_____

that the People are required to produce the entire record of conviction. Moreover, here, the court did not hold an evidentiary hearing, let alone a resentencing hearing after granting defendant's petition.

[6] The court also instructed the jury on conspiracy. (CALJIC Nos. 6.10.5, 6.11, 6.12, 6.13, 6.16, 6.18, 6.19, 6.20, 6.22.) However, these instructions were limited to defendant's participation as an accessory after the fact in defendant's brother's murder of Caldera. Thus, the jury did not convict defendant of the murder of Flores as part of his participation in any conspiracy.

8

[defendant] was the actual killer." (*Harden*, *supra*, 81 Cal.App.5th at p. 56; accord *People v. Morales* (2024) 102 Cal.App.5th 1120, 1131-1132; *People v. Patton*, *supra*, 89 Cal.App.5th at pp. 657-658; *People v. Beaudreaux* (2024) 100 Cal.App.5th 1227, 1247 [Despite felony murder instruction, "reading all the charges, the instructions, the verdicts, and the findings as a whole, we see no legal route [the defendant's] jury could have taken to convict him without finding he was [the victim's] actual killer."].)

Here, as in *Harden*, defendant "was prosecuted solely on the theory he was the actual killer [of Flores] . . . alone." (*Harden*, *supra*, 81 Cal.App.5th at p. 57.) Also as in *Harden*, the court instructed the jury with CALJIC No. 8.10, that every person who unlawfully kills a human being with malice aforethought, or during the commission of certain felonies, is guilty of murder. (*Harden*, at pp. 54-55.) "'This language on its face tells the jury that "the person who unlawfully kills" is guilty of murder. In common understanding, this would refer to the person who inflicted the fatal injury.' [Citation.] The jury was instructed on no alternative definition of murder. Thus, [defendant's] murder conviction necessarily means the jury determined []he actually killed [Flores]." (*Id*. at p. 55.)

Furthermore, like *Harden*, the jury found defendant personally used a firearm in his commission of the murder. "Thus, when viewing the verdicts as a whole, the jury's true finding that [defendant] personally" used a firearm necessarily means it determined defendant shot the victim, intentionally or not. (*Harden*, at pp. 55-56 [Jury found the defendant personally inflicted great bodily injury]; see *People v. Jones* (2003) 30 Cal.4th

9

1084, 1119-1120 [Jury's finding that defendant personally used a firearm supported a determination that it found defendant to be the actual killer].)

Finally, we note that the court instructed the jury, "To constitute a deliberate and premeditated killing, the slayer must weigh and consider the question of killing and the reasons for and against such a choice and, having in mind the consequences, [he] decides to and does kill." (CALJIC No. 8.20.) Thus, in combination with its personal use findings, the jury necessarily found that defendant was the actual killer. Although, none of these findings alone might render defendant per se ineligible for resentencing, their confluence "irrefutably establishes as a matter of law that the jury determined [defendant] was the actual killer." (*Harden*, *supra*, 81 Cal.App.5th at p. 56.) Thus, the court properly denied defendant's petition.[7]

---

**7** Defendant contends the court erred in not permitting him to introduce new evidence. However, the court is not required to permit the introduction of new evidence until the court finds a defendant has made a prima facie case for relief and proceeds to an evidentiary hearing. (§ 1172.6, subd. (d)(1).) We agree here with the court and the People below that the proper vehicle for challenging a conviction based on the witness's purported recantation is the filing of a petition for writ of habeas corpus. (*In re Brandon C.* (1993) 19 Cal.App.4th 1168, 1172; See *People v. Mares* (2024) 99 Cal.App.5th 1158, 1168 ["New evidence of misidentification could support a petition for a writ of habeas corpus, but it would not show that he cannot be convicted 'because of' the changes to the law, as required by section 1172.6."].)

## III.  DISPOSITION

The order denying defendant's petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>McKINSTER</u>
Acting P. J.

We concur:

<u>FIELDS</u>
J.

<u>MENETREZ</u>
J.

11